IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DIANA WILLIAMSON
246 Westend Ave
New York, NY 10023

Plaintiff,

v.

Case: 1:07-cv-00644
Assigned To : Friedman, Paul L.
Assign. Date : 4/5/2007
Description: WILLIAMSON v. MARRIOTT

JURY ACTION

MARRIOTT INTERNATIONAL, INC
d/b/a MARRIOTT WARDMAN PARK
HOTEL
2660 Woodley Road, N.W.
Washington, D.C. 20008

Registered agent:

Prentice-Hall Corporation System, Inc.
1090 Vermont Ave., N.W.
Washington, DC 20005

Defendant.

**COMPLAINT**

COMES NOW, the Plaintiff, Diana Williamson, by and through her attorneys, Steven B. Vinick, Paul R. Sciubba and the law firm of Joseph, Greenwald & Laake, P.A., and sues the Defendant, Marriott International, Inc., and for cause states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1332 by virtue of the diversity of citizenship of the parties and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that the events which give rise to this claim occurred in the District of Columbia.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

## PARTIES

3. The Plaintiff, Diana Williamson (hereinafter "Williamson"), is the aggrieved party in this suit and resides in New York, N.Y.

4. Defendant Marriott International, Inc., (hereinafter "Marriott"), is a foreign corporation authorized to do and doing business in the District of Columbia.

5. Upon information and belief, Defendant Marriott owned, leased, managed, controlled, supervised, repaired, maintained, inspected and made special use of the premises at 2660 Woodley Road, N.W., Washington, D.C. 20008 known as the Wardman Park Marriott. At all times relevant herein, the concierges, receptionists, reservation clerks, maids, maintenance personnel, etc. at the Wardman Park Marriott were the agents, servants and employees, both actual and apparent, of Defendant Marriott. Accordingly, the Defendant is vicariously liable for the negligent acts and omissions of its employees, agents and servants under the doctrine of *Respondeat Superior*.

## FACTS

6. Prior to August 14, 2005, Plaintiff Williamson contacted Defendant Marriott to make a reservation for a room. At that time, Williamson advised Defendant Marriott's agents, servants and/or employees that she was highly allergic to certain perfumes, chemicals and dusts and required that the room she be assigned be free of any perfumes or chemicals and not be vacuumed prior to her arrival so as not to release dust into the air.

7. Defendant Marriott assured Williamson that no perfumes or chemicals would be used in her room and that the room would not be vacuumed prior to her arrival.

8. On or about August 14, 2005, Williamson occupied Room 1001 at Defendant Marriott's premises located at 2660 Woodley Road, N.W., Washington, D.C.

9. During and/or immediately prior to Williamson's occupation of Room 1001, agents, servants and/or employees of Defendant Marriott caused said room to become highly

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

allergic to Williamson by using perfumes and/or chemicals in said room and/or by vacuuming the room.

10. As a direct and proximate result of Defendant Marriott's conduct, Williamson was seriously, painfully and permanently injured; caused to undergo extensive medical treatment for the care of said injuries; and caused to lose considerable time and wages from work; all of which caused Williamson great pain and physical suffering, mental anguish, disfigurement, and loss of earning capacity, all to her detriment.

11. As a direct and proximate result of Defendant Marriott's conduct, Williamson will incur medical expenses in the future, as well as future lost wages and other pecuniary losses. In addition, Williamson will suffer great pain and physical suffering, mental anguish, disability and loss of earning capacity in the future.

12. Williamson further alleges that all damages, injuries, and losses - past, present, and prospective - were caused by the negligent and tortious acts and omissions of Defendant Marriott, as set forth in this Complaint, without any negligence or want of due care on the part of Williamson.

**COUNT I**
**(Negligence)**

13. Williamson adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 12 verbatim with the same effect as if fully set forth herein.

14. At all relevant times hereto, Defendant Marriott owed a duty to business invitees such as the Williamson, to maintain its premises in a safe and reasonable manner.

15. Defendant Marriott owed a duty to Williamson to use reasonable and ordinary care to ensure that Room 1001 was free of all perfumes and/or chemicals and was not vacuumed immediately prior to and during Williamson's occupation.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

16. Defendant Marriott knew or, by the exercise of reasonable care should have known, that by using perfumes and/or chemicals in Room 1001 and/or vacuuming said room would create and would cause an unreasonable risk of harm to Williamson who had previously informed Defendant Marriott about her medical condition.

17. Defendant Marriott knew or, by the exercise of reasonable care should have known, and could reasonably foresee, that Williamson could and would be injured as a result of the allergic condition of Room 1001.

18. Defendant Marriott voluntarily assumed a duty to Williamson to ensure that Room 1001 was free of all perfumes and/or chemicals and was not vacuumed immediately prior to and during Williamson's occupation of said room.

19. In failing to ensure that Room 1001 was free of all perfumes and/or chemicals and was not vacuumed immediately prior to and during Williamson's occupation, Defendant Marriott breached its duty of reasonable care that it voluntarily assumed.

20. Defendant Marriott negligently breached the duties of reasonable care to Williamson by using perfumes and/or chemicals on Room 1001 and/or by vacuuming said room.

21. Williamson could not, by exercising any degree of ordinary care, discover the unsafe condition.

22. Defendant Marriott was further negligent in failing to warn Williamson of the dangerous allergic condition of Room 1001, which was not obvious during the course of Williamson's inspection, as well as other acts of negligence.

23. As a direct and proximate result of Defendant Marriott's conduct, Williamson was seriously, painfully and permanently injured; caused to undergo extensive medical treatment for the care of said injuries; and caused to lose considerable time and wages from

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

work; all of which caused Williamson great pain and physical suffering, mental anguish, disfigurement, and loss of earning capacity, all to her detriment.

24. As a direct and proximate result of Defendant Marriott's conduct, Williamson will incur medical expenses in the future, as well as future lost wages and other pecuniary losses. In addition, Williamson will suffer great pain and physical suffering, mental anguish, disability and loss of earning capacity in the future.

25. Williamson further alleges that all damages, injuries, and losses - past, present, and prospective - were caused by the negligent and tortious acts and omissions of Defendant Marriott, as set forth in this Complaint, without any negligence or want of due care on the part of Williamson.

WHEREFORE, the Plaintiff, Diana Williamson, demands judgment against the Defendant, Marriott International, Inc., in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, plus interest, costs and attorney's fees, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

**COUNT II**
**(Breach of Contract)**

26. Williamson adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 25 verbatim with the same effect as if fully set forth herein.

27. On or about August 14, 2005, Williamson and agents of Defendant Marriott entered in a verbal agreement.

28. Pursuant to said agreement, Williamson would pay Defendant Marriott in return for Defendant Marriott providing her with a room free from allergic perfumes and chemicals and free from dust caused by vacuuming.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

29. The verbal agreement entered into between the parties on or about August 14, 2005, gave rise to certain legal obligations on the part of Defendant Marriott.

30. Defendant Marriott's use of perfumes and/or chemicals in Room 1001 and/or Defendant's vacuuming of said room, constituted a material and/or total breach of the parties' agreement.

31. As a direct and proximate result of Defendant Marriott's conduct, Williamson was seriously, painfully and permanently injured; caused to undergo extensive medical treatment for the care of said injuries; and caused to lose considerable time and wages from work; all of which caused Williamson great pain and physical suffering, mental anguish, disfigurement, and loss of earning capacity, all to her detriment.

32. As a direct and proximate result of Defendant Marriott's conduct, Williamson will incur medical expenses in the future, as well as future lost wages and other pecuniary losses. In addition, Williamson will suffer great pain and physical suffering, mental anguish, disability and loss of earning capacity in the future.

33. Williamson further alleges that all damages, injuries, and losses - past, present, and prospective - were caused by the negligent and tortious acts and omissions of Defendant Marriott, as set forth in this Complaint, without any negligence or want of due care on the part of Williamson.

WHEREFORE, the Plaintiff, Diana Williamson, demands judgment against the Defendant, Marriott International, Inc., in the amount of One Million Dollars ($1,000,000.00) in compensatory damages, nominal damages, plus interest, costs and attorney's fees, as well as further and additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By:

Steven B. Vinick (Bar # 439359)
Paul R. Sciubba (Bar # 16635)
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
Counsel for Plaintiff

**JURY DEMAND**

Plaintiff respectfully requests a jury trial.

Steven B. Vinick
Paul R. Sciubba

Joseph Greenwald & Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214

07-644 PLF

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Diana Williamson
246 Westend Avenue
New York, NY 10023

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) Washington, DC 11001

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steve B. Vinick, Esq. (Bar #439359)
Paul R. Sciubba, Esq.(Bar #16635)
Joseph Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301-220-2200

**DEFENDANTS**

Marriott International, Inc. d/b/a Marriott Wardman Park Hotel
2660 Woodley Road, N.W.
Washington, D.C. 20008
Registered Agent: Prentice-Hall Corp. System, Inc., 1090 Vermont Ave., Washington, DC 20005

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) Washington, DC

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00644
Assigned To : Friedman, Paul L.
Assign. Date : 4/5/2007
Description: WILLIAMSON v. MARRIOTT

JURY ACTION

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ◉ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- [ ] 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [x] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

OR **○ F. *Pro Se General Civil***

kruptcy
Appeal 28 USC 158
thdrawal 28 USC 157

itions
th Penalty
ndamus & Other
il Rights
on Condition

hts
yrights
nt
demark

Suits
s (US plaintiff or
ndant
Third Party 26
7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

Cou
Div
Rece
Cash
Tran
Payer

CIVIL
For:
Amoun

CHECK
Check/I
Amt Ten

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

07-0644

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $45 fee will be charged for a returned check.

**O G. *Habeas Corpus/ 2255***

- 530 Habeas Corpus-General
- 510 Motion/Vacate Sentence

**O H. *Employment Discrimination***

- 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**O I. *FOIA/PRIVACY ACT***

- 895 Freedom of Information Act
- 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**O J. *Student Loan***

- 152 Recovery of Defaulted Student Loans (excluding veterans)

**O K. *Labor/ERISA (non-employment)***

- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Labor Railway Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**O L. *Other Civil Rights (non-employment)***

- 441 Voting (if not Voting Rights Act)
- 443 Housing/Accommodations
- 444 Welfare
- 440 Other Civil Rights
- 445 American w/Disabilities-Employment
- 446 Americans w/Disabilities-Other

**● M. *Contract***

- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholder's Suits
- ■ 190 Other Contracts
- 195 Contract Product Liability
- 196 Franchise

**O N. *Three-Judge Court***

- 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**

⊙ 1 Original Proceeding  O 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Section 1332 and 28 U.S.C. Section 1391

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** 1,000,000  Check YES only if demanded in complaint  **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

**DATE** April 5, 2007  **SIGNATURE OF ATTORNEY OF RECORD** [signature]

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.