IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| DIANA WILLIAMSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:07-cv-00644-PLF |
| | * | |
| MARRIOTT INTERNATIONAL, INC., d/b/a | * | |
| MARRIOTT WARDMAN PARK HOTEL, | * | |
| | * | |
| Defendant. | * | |

**ANSWER AND GROUNDS OF DEFENSE**

COMES NOW, Marriott International, Inc., d/b/a Marriott Wardman Park Hotel, by counsel, and in and for its answer to the Complaint filed herein, states as follows:

**FIRST DEFENSE**

1. The allegations contained in Paragraph 1 are admitted.

2. The allegations contained in Paragraph 2 are admitted.

3. In response to the allegations contained in Paragraph 3, it is admitted that the plaintiff is a party to this action who resides in New York, New York. All remaining allegations are denied.

4. The allegations contained in Paragraph 4 are admitted.

5. In response to the allegations contained in Paragraph 5, it is admitted that defendant Marriott International, Inc. managed the premises at 2660 Woodley Road, N.W., Washington, D.C., known as Woodman Park Marriott. It is further admitted that it has agents and employees on the premises. The remaining allegations in sentence two

to Paragraph 5 can neither be admitted nor denied as insufficient information is available to determine precisely who is being referred to and included in the request. Where further response is required, the remainder of sentence two is denied. With regard to sentence three of Paragraph 5, the defendant submits it is a legal conclusion not requiring a response. To the extent a response is required, the defendant denies that it or any of its employees, agents or servants were negligent in this cause.

6. In response to the allegations contained in Paragraph 6, it is admitted that the plaintiff, as of August 15, 2005, made a reservation for a room at the Wardman Park Marriott. The remainder of the allegations in Paragraph 6 can neither be admitted nor denied as plead, and to the extent further response is required, the allegations are denied and strict proof is demanded.

7. The allegations contained in Paragraph 7 can neither be admitted nor denied as pled, and to the extent further response is required, the allegations are denied and strict proof is demanded.

8. The allegations contained in Paragraph 8 are denied. It is admitted that Williamson occupied Room 1001 at the location in question on August 15, 2005.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

**SECOND DEFENSE**

13. In response to the allegations incorporated into Paragraph 13, this defendant incorporates as if fully set forth its responses to Paragraphs 1 through 12.

14. In response to the allegations contained in Paragraphs 14 and 15, the defendant submits they are legal conclusions not requiring a response. To the extent a response is required, the allegations are denied as being an incomplete and imprecise statement of the law applicable to all parties hereto.

15. The allegations contained in Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 are denied.

**THIRD DEFENSE**

16. In response to the allegations incorporated into Paragraph 26, this defendant incorporates by reference as if fully set forth its responses to Paragraphs 1 through 25.

17. In response to the allegations contained in Paragraph 27, the allegations are denied as pled. It is admitted that Williamson and the defendant Marriott entered into an agreement for the provision of a room on or about August 15, 2005.

18. The allegations contained in Paragraph 28 are denied as pled.

19. In response to the allegations contained in Paragraph 29, it is admitted that the agreement between the parties gave rise to certain responsibilities. It is further admitted that there was an agreement entered into between the parties on or about August 15, 2005. The remainder of the allegations are denied.

20. The allegations contained in Paragraphs 30, 31, 32, and 33 are denied.

## FOURTH DEFENSE

21. The defendant denies that it committed any act or omission constituting negligence or breach of contract in this case and demands strict proof thereof.

## FIFTH DEFENSE:

22. This defendant will rely upon the defense of contributory negligence, assumption of the risk, failure to mitigate damages, preexisting condition or prior or foreign exposure, and all other defenses which become known during the course of discovery or at trial.

## SIXTH DEFENSE

23. The defendant denies that the plaintiff was injured in the manner or to the extent alleged and demands strict proof of all elements of injury, liability, and damages.

## SEVENTH DEFENSE

24. The defendant denies that it is liable to the plaintiff in any amount or under any theory of law and demands strict proof thereof.

## EIGHTH DEFENSE

25. The defendant denies all remaining allegations set forth in the Complaint not specifically addressed above.

WHEREFORE, having fully answered, the defendant moves to be dismissed from this action with its costs expended.

## JURY DEMAND

Defendant demands a trial by jury.

TRICHILO, BANCROFT, McGAVIN,
  HORVATH, & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
(703) 385-1000
Fax: (703) 385-1555


       /S/
_____
Dawn E. Boyce, Esquire
D.C. Bar No. 440010
Counsel for Defendant,
Gallaudet University

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Answer and Grounds of Defense was e-served on the 18th day of May, 2007, to Steven B. Vinick, Esquire, and Paul R. Sciubba, Esquire, Joseph, Greenwald & Laake, P.A., 6404 Ivy Lane, Suite 400, Greenbelt, Maryland 20770.


                                              /S/
                          _____
                          Dawn E. Boyce